J-A26001-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                     :          PENNSYLVANIA
                                     :
         v.                            :
                                     :
ANDREA MICHELLE WELLS       :
                                     :
           Appellant         :     No. 1449 WDA 2018

Appeal from the Judgment of Sentence Entered September 10, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0004079-2018

BEFORE: SHOGAN, J., LAZARUS, J., and OLSON, J.

MEMORANDUM BY SHOGAN, J.:           **FILED DECEMBER 12, 2019**

Appellant, Andrea Michelle Wells, appeals from the judgment of sentenced entered on September 10, 2018, following her conviction of one count of theft by deception.[1] We affirm.

The trial court summarized the facts of this case as follows:

> Maggie Chou testified that in December 2017, she was a student at Carnegie Mellon University[.] Chou testified that she was walking to class on December 4, 201[7], when a car stopped in the middle of the street and Appellant rolled down her window and asked Chou for help. Appellant told her that Appellant's mother had suffered a stroke and was in the hospital, and Appellant needed gas money because she left her home in such a hurry that she forgot her wallet. Appellant seemed frantic to Chou. Appellant asked for $30, but Chou said she did not have any money on her person. Appellant offered to drive Chou to an ATM to withdraw some money for her. Chou took $20 out of the ATM and gave [it] to Appellant. Chou testified that Appellant told her that Appellant would pay her back. Chou stated that Appellant

---

[1] 18 Pa.C.S. § 3922(a)(1).

gave her a phone number to reach her to arrange repayment. Appellant told Chou the number as she entered it into her phone. To insure that she had read the correct number, Chou read the number back to Appellant and called the number in Appellant's presence. Chou later called the number Appellant gave her in an attempt to obtain repayment, but no one ever answered. Chou estimated that she called the number over fifteen times. Chou also testified that as Appellant drove away, Chou observed the first three letters of Appellant's license plate were "HXX." Chou identified Appellant in court as the person to whom she gave the money.

Officer Jeremy Norton of the Cranberry Township Police Department testified that in December 2017 he was employed as a Carnegie Mellon University police officer. He testified that he took the complaint from Chou, and that she gave him the partial plate information. Based on the information from Chou and previous reports with that registration plate, Appellant was identified as a suspect. A photo line-up was conducted and Appellant was arrested.

Trial Court Opinion, 2/21/19, at 3 (internal citations omitted).

As a result, Appellant was charged with one count of theft by deception. Following a nonjury trial on September 10, 2018, Appellant was convicted of that charge. On the same date, the trial court sentenced Appellant to one year of probation, and ordered her to pay $20.00 in restitution, have no contact with Ms. Chou or Carnegie Mellon University, and continue drug and alcohol treatment. N.T., 9/10/28, at 36. Appellant filed a notice of appeal on October 10, 2018. Appellant and the trial court complied with Pa.R.A.P. 1925.

On appeal, Appellant presents the following issues for our review:

I.     Where the Commonwealth presented only evidence showing that [Appellant] failed to return $20.00 within three days, but not showing any intent by [Appellant] to deceive Ms. Chou or to never return the $20.00, whether the Commonwealth offered sufficient evidence to prove [Appellant's] guilt beyond a reasonable doubt?

II.    Whether the [t]rial [c]ourt's stated rationale in support of its verdict destroyed [Appellant's] presumption of innocence and shifted the burden of proof to [Appellant]?

Appellant's Brief at 5.

In her first issue, Appellant argues that the Commonwealth failed to prove beyond a reasonable doubt that she was guilty of theft by deception. Appellant's Brief at 14. Specifically, Appellant maintains that the Commonwealth failed to establish both that Appellant intended to deprive Ms. Chou of her money and that Appellant intentionally deceived Ms. Chou to obtain the $20.00. *Id.* Accordingly, Appellant asserts, her conviction for theft by deception must be overturned and vacated. *Id.*

The standard for evaluating sufficiency claims is as follows:

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Estepp*, 17 A.3d 939, 943-944 (Pa. Super. 2011).

For a defendant to be convicted of theft by deception, he must "intentionally obtain[ ] or withhold[ ] property of another by deception." 18 Pa.C.S. § 3922(a). Deception is defined as intentionally creating or reinforcing a false impression, "including false impressions as to law, value, intention or other state of mind." 18 Pa.C.S. § 3922(a)(1). The Commonwealth must also show that the victim relied on the false impression created or reinforced by the defendant. *Commonwealth v. Sanchez*, 848 A.2d 977, 983 (Pa. Super. 2004).

In addressing this issue, the trial court concluded:

> This [c]ourt reasonably determined from the evidence admitted at trial that Appellant had taken money from the victim with no intention of returning it. "Intent can be proven by direct or circumstantial evidence; it may be inferred from acts or conduct or from the attendant circumstances." *Commonwealth v. Roche*, 783 A.2d 766, 768 (Pa.Super.2001), *appeal denied*, 798 A.2d 1289 (Pa. 2002). Appellant provided the victim with her phone number. Chou confirmed the number with Appellant, and called it over fifteen times in the next three days, without any answer from Appellant. From these facts, this [c]ourt reasonably concluded that Appellant had the intent to deceive Chou into giving Appellant money, with no intention whatsoever of repaying the money to Chou. Based on the totality of the circumstances, the elements of the offense have been established beyond a reasonable doubt, and Appellant's claim of error is without merit.

Trial Court Opinion, 2/21/19, at 4-5.

We agree. The evidence of record establishes that Appellant stopped Ms. Chou, a student at Carnegie Mellon University, on campus while Ms. Chou was on her way to class. N.T., 9/10/18, at 11-12. Appellant stopped her car in the middle of the street to ask Ms. Chou for money. *Id.* at 12. Ms. Chou

testified that Appellant was frantic. *Id.* at 13. Appellant told Ms. Chou that Appellant's mother had a stroke, and that Appellant had rushed out of her home so quickly that she had forgotten her phone and wallet, and needed money for gas. *Id.* at 12-13. Although Ms. Chou had no money on her, she agreed to have Appellant drive her to a nearby ATM so she could withdraw money to give to Appellant. *Id.* at 13. Ms. Chou gave Appellant $20.00. *Id.* Ms. Chou testified that Appellant reassured her that Appellant would repay the money that night. *Id.* at 14. In support of this assertion, Ms. Chou testified as follows:

> [Prosecutor]: What happened then after you gave the money to [Appellant]?
>
> [Ms. Chou]: Well, she reassured me that she would return the money back to me. She asked me where I live and said that she would give it to me that night. And she gave me a phone number, which I called and it rang. And after that, she dropped me off at the end of Craig [Street] and she went on her way.
>
> [Prosecutor]: Before you got the money out, did she tell you that she was going to pay you back?
>
> [Ms. Chou]: Yes, she did.

*Id.* In addition to obtaining Appellant's phone number, Ms. Chou also stated that she made note of Appellant's vehicle and remembered the first three letters of Appellant's license plate number. *Id.* at 14-15.

Ms. Chou explained that on that same evening, she began to call the telephone number that Appellant had given her, but the phone rang with no answer. *Id.* at 15. The two had arranged to schedule a time to meet for

- 5 -

Appellant to repay the money to Ms. Chou. *Id.* at 16. Ms. Chou also explained that she told Appellant where she lived on campus, and that Appellant had told Ms. Chou that she was an alumnus of Carnegie Mellon University. *Id.* at 16-17. Ms. Chou continued to try to reach Appellant on the telephone number provided, to no avail. *Id.* at 16. Ms. Chou testified that she attempted to call Appellant multiple times over the course of the next few days, estimating that she had attempted to call "over 15 times." *Id.* After being unable to contact Appellant over the course of several days, Ms. Chou reported the incident to police on December 7, 2017. *Id.* at 19.

Thus, viewing the evidence in the light most favorable to the Commonwealth, we agree that there was sufficient evidence that Appellant obtained $20.00 from Ms. Chou by deception. 18 Pa.C.S. § 3922(a). The evidence supports the conclusion that Appellant deceived Ms. Chou by intentionally creating the false impression that she was borrowing the money with the intent to return it. 18 Pa.C.S. § 3922(a)(1). The evidence further supports the conclusion that Ms. Chou relied on the false representation in agreeing to loan Appellant the money. *Sanchez*, 848 A.2d at 983. Thus, there was sufficient evidence to establish the elements of the crime of theft by deception, and Appellant is entitled to no relief on this claim.

Appellant next argues that the trial court impermissibly relieved the Commonwealth of its burden to prove Appellant's guilt beyond a reasonable doubt by requiring her to prove her innocence. Appellant's Brief at 30.

Appellant maintains that the trial court's statements required her to prove that she made some attempt to return the $20.00 to Ms. Chou. *Id.* Appellant identifies the following remarks made by the trial court as support for her position:

> This victim did make significant efforts to ensure that she could get her money back, including getting a phone number, entering it into her phone, reading it back to [Appellant], calling the number to ensure that it was a valid number and that it did ring.
>
> While Ms. Chou does not recall whether or not she gave her own phone number to [Appellant], she does recall giving her address, the location that she was residing in. She recalls that [Appellant] indicated that she was an alumn[us]. **There's no indication that [Appellant] made any effort to either go to the dormitory, or to the university to locate Ms. Chou to return the money or once identified, indicated that she made efforts to repay that.**
>
> [Appellant] was identified by her license plate as well as her photo. I think all the circumstantial evidence taken together does prove that she intended to take this money without returning it. I find her guilty.

*Id.* at 35-36 (quoting N.T., 9/10/18, at 32-33)[2] (emphasis in original). Accordingly, Appellant asserts that: "[Appellant] is entitled to a new trial as a result, since this burden-shifting violated [Appellant's] constitutional rights to due process, a fair trial, the presumption of innocence, and against self-incrimination under the Federal and Pennsylvania Constitutions." *Id.* at 30.

---

[2] The notes of testimony reflect that no objection was made to the trial court's statement at the nonjury trial. N.T., 9/10/18, at 33-37.

We first note that Appellant has raised this issue for the first time on appeal in her Pa.R.A.P. 1925(b) statement. It is well-settled that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). Issues must be raised prior to trial, during trial, or in a timely post-sentence motion to be preserved for appeal. *Commonwealth v. Melendez–Rodriguez*, 856 A.2d 1278, 1288–1289 (Pa. 2004)(*en banc*). "[A] party cannot rectify the failure to preserve an issue by proffering it in response to a Rule 1925(b) order." *Id.* at 1288 (citation omitted).

Appellant failed to provide any indication of how or when she raised and preserved the issue for our review. "[I]t is not the responsibility of this Court to scour the record to prove that an appellant has raised an issue before the trial court, thereby preserving it for appellate review." *Commonwealth v. Baker*, 963 A.2d 495, 502 n.6 (Pa. Super. 2008). Nevertheless, upon review of the record it appears that Appellant did not raise the claim before the trial court or in a timely post-sentence motion. Because Appellant raised the claim for the first time in her Rule 1925(b) statement, this issue is waived. *Commonwealth v. Sherwood*, 982 A.2d 483, 494 (Pa. 2009).

Even if this issue had not been waived, we would find no merit to Appellant's claim. As noted previously, the evidence presented was sufficient to establish the elements of the crime of theft by deception. The trial court's observation that Appellant made no effort to return the money to Ms. Chou

was another piece of evidence that supported the conclusion that Appellant had taken the money from Ms. Chou by deception and had no intention of repaying her. Accordingly, had the issue not been waived, we would conclude that there is no merit to Appellant's claim.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/12/2019